**George M. COFIELD, (Carole Jones, as the Administratrix of the Estate of George M. Cofield, deceased), Plaintiff-Appellee-Cross-Appellant,**

v.

**CITY OF ATLANTA and J. D. Hudson, etc., Defendants-Appellants-Cross-Appellees.**

No. 80–7229.

United States Court of Appeals, Fifth Circuit.

Unit B

June 23, 1981.

Ferrin Y. Mathews, Bernard R. Thomas, Atlanta, Ga., for defendants-appellants-cross-appellees.

Amy Totenberg, Al Horn, Atlanta, Ga., for plaintiff-appellee-cross-appellant.

Before MARKEY *, Chief Judge, and HILL and THOMAS A. CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

George M. Cofield began work as a custodial officer at the Atlanta City Jail in May,

---

* Chief Judge of the U.S. Court of Customs and Patent Appeals, sitting by designation.

1973. On August 12, 1976, Cofield was transferred from the Jail to the Farm Division. Because he "could not abide the transfer order," Appellee's Brief at 2, he did not report to work at the Farm. He was discharged for job abandonment. Believing that the transfer and subsequent discharge were prompted by his active and vocal criticism of his employers, Cofield brought suit,[1] alleging pro se that his employers had infringed upon his constitutional right to speak. A jury agreed and awarded Cofield $20,000 in actual damages, $10,000 in punitive damages, and $500 in attorney's fees. The defendants moved for a judgment notwithstanding the verdict and, alternatively, for a new trial. Both motions were denied and the defendants appeal.

■ We have carefully reviewed the record and considered the briefs and arguments. We conclude that there is sufficient evidence to support the jury's awards of damages, and thus, like the trial court, we will not disturb that verdict. However, we have serious misgivings concerning the award of attorney's fees to Cofield, who appeared pro se. We reverse on that issue.

■ The Civil Rights Fee Awards Act of 1976, 42 U.S.C. § 1988, permits a court in its discretion to allow the prevailing party a reasonable attorney's fee as part of the costs of an action to enforce a provision of, *inter alia*, section 1983.[2] Cofield is not an attorney, yet undoubtedly he devoted considerable time and effort in the pursuit of this claim. We do not suggest that he was an unworthy advocate; to be sure, he has prevailed. Nor do we imply that it is improper for a person to serve as his own advocate. We feel strongly, however, that the intent of Congress in enacting section 1988 would be seriously undermined if we allowed pro se litigants to recover legal fees under that section.

Elsewhere we have stated that an act allowing attorney's fees is "not passed for the benefit of attorneys but to enable litigants to obtain competent counsel . . . ." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974).[3] Section 1988 was enacted two years after the rendering of the decision in *Johnson v. Georgia Highway Express*, and the legislative history of the act echoes our statement in that case. Congress specifically approved the standards established in *Johnson v. Georgia Highway Express* and its legacy, pointing out that "[t]hese cases have resulted in fees which are adequate to attract competent counsel, but which do not produce windfalls . . . ." S.Rep.No. 94–1011, 94th Cong.2d Sess. 6, *reprinted in* [1976] U.S.Code Cong. & Ad. News 5908, 5913. Congress thought that awards of attorney's fees may be necessary because "[i]n many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer." *Id.* at

---

1. Cofield brought suit under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, complaining that the defendants conspired to and had violated his first amendment right to speak, had discriminated against him because of his race, and had violated his employment contract. He named as defendants the City of Atlanta, Maynard Jackson, Mayor of the City of Atlanta, J. D. Hudson, Director of the Bureau of Corrections for the City of Atlanta, and Aubrey Thomaston, Deputy Director of the Bureau of Corrections for the City of Atlanta. The trial court dismissed all of the defendants except the City of Atlanta and J.D. Hudson, appellants here, and directed verdicts for the defendants on the conspiracy, race discrimination and contract allegations. By way of cross-appeal, Cofield seeks to have Maynard Jackson reinstated as a party defendant. We find no error and thus affirm the district court's directed verdict in favor of Jackson.

2. Judge Sharp, of the Northern District of Indiana, has concisely and informatively discussed the history culminating in the passage of the Civil Rights Fees Awards Act. *See generally Grooms v. Snyder*, 474 F.Supp. 380 (N.D.Ind. 1979). In *Grooms* the plaintiff, a state prisoner suing pro se under section 1983, was assisted at trial by another prisoner who served as a "lay advisor." The plaintiff prevailed, and the lay advisor moved for "legal assistance fees" under section 1988. Judge Sharp denied the motion for much the same reason we deny attorney's fees here.

3. In *Johnson v. Georgia Highway Express* we were interpreting the attorney's fees section of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). The language of section 1988 tracks that of section 2000e–5(k).

2, *reprinted in* [1976] U.S.Code Cong. & Ad. News, at 5910. "[I]f our civil rights laws are not to become mere hollow pronouncements which the average citizen cannot enforce we must maintain the traditionally effective remedy of fee shifting in these cases." *Id.*

Thus, it is clear to us that the purpose of section 1988 is not to compensate a worthy advocate but to enable and encourage a wronged person to retain a lawyer. It is apparent that Congress thought that such people ought to have access to legal representation.

Case law in this circuit buttresses our understanding of the purpose of section 1988. *See Rheuark v. Shaw*, 628 F.2d 297, 300 n.1 (5th Cir. 1980) ("[W]e agree with the district court and its reasoning that Congress intended 42 U.S.C. § 1988 to compensate attorneys not *pro se* litigants."); *Rheuark v. Shaw*, 477 F.Supp. 897, 928–29 (N.D.Tex.1979). At least two other circuits are in accord. *See Lovell v. Snow*, 637 F.2d 170 (1st Cir. 1981); *Davis v. Parratt*, 608 F.2d 717 (8th Cir. 1979). There are cases, notably those arising under the attorneys's fees sections of the Freedom of Information Act, 5 U.S.C.A. § 552(a)(4)(E), (F), in which courts have allowed pro se litigants attorneys fees. *See, e. g., Cox v. United States Department of Justice*, 601 F.2d 1, 5–6 (D.C. Cir. 1979); *contra, Crooker v. United States Department of Justice*, 632 F.2d 916, 920–22 (1st Cir. 1980). This court once faced that question, but decided to dispose of the pro se litigant's request for attorney's fees without answering "the broader question of whether a *pro se* litigant is ever entitled to recover attorney's fees in a [Freedom of Information Act] case." *Lovell v. Alderete*, 630 F.2d 428, 431 (5th Cir. 1980). In any event, we do not find these cases persuasive authority on the issue before us here. The history, language, and purpose of the Free-

dom of Information Act differ significantly from those of the civil rights statutes;[4] those differences often render decisions under one of the statutes inapposite to cases arising under the other.

Thus we reverse that aspect of the district court's order awarding Cofield attorney's fees.

AFFIRMED in part; REVERSED in part.

THOMAS A. CLARK, Circuit Judge, concurring in part and dissenting in part:

I concur in that part of the majority's opinion that affirms the jury's award of $30,000 in actual and punitive damages to the plaintiff below. I part company with the majority, however, on the issue of a pro se litigant's right to legal fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Essentially for the same reasons that I outlined in my dissenting opinion in *Lovell v. Alderete*, 630 F.2d 428, 434 (5th Cir. 1980), concerning the award of attorney's fees to pro se litigants in Freedom of Information Act cases, I would hold in this case that the Civil Rights Attorney's Fees Awards Act of 1976 provides the courts with the discretion to allow a prevailing pro se litigant a reasonable attorney's fee as part of the costs of the successful action.

---

**4.** For example, it seems to us that actions brought under the Freedom of Information Act are likely to be brought by pro se litigants; damages are generally not involved and the relief sought is simply the release of information. Furthermore, section 552(a)(4)(F) may suggest that an award of attorney's fees may

be in part punitive, "a useful sanction for unfounded resistance to a disclosure request . . . ." *Lovell v. Alderete*, 630 F.2d at 437 (Thomas A. Clark, Circuit Judge, dissenting). There is no suggestion that an award of section 1988 attorney's fees should be in any way punitive.