ERVIN, Chief Judge,
dissenting.
I respectfully dissent. The trial court, adopting the reasoning of Cofield v. City of Atlanta, 648 F.2d 986 (5th Cir.1981), summarily denied Winicki’s motion for attorney’s fees without reaching the merits of that motion. On further reflection, I am unable to agree with the majority’s affirmance of the denial and would, instead, reverse and remand the case to the lower court to decide on the merits whether the motion should be granted.
Cofield reflects the general view that a pro se, non-attorney litigant- may not recover attorney’s fees under the various federal statutes providing therefor. For example, attorney’s fees have been denied such litigants when sought in civil rights cases pursuant to 42 U.S.C. § 1988, see Cofield; Pitts v. Vaughn, 679 F.2d 311 (3d Cir.1982); Owens-El v. Robinson, 694 F.2d 941 (3d Cir. 1982); as well as in suits brought under the Freedom of Information Act (FOIA), see Clarkson v. Internal Revenue Service, 678 F.2d 1368 (11th Cir.1982), and under the federal Privacy Act, see Barrett v. Bureau of Customs, 651 F.2d 1087 (5th Cir.1981).
A different result has been reached, however, in cases wherein the litigant is an attorney appearing in propria persona. The various state courts that have sustained the propriety of awarding attorney’s fees to a pro se attorney litigant are divided on the issue, see Annotation 78 A.L.R.3d 1119 (1977), but the weight of authority appears to support the award of such fees if permitted by statutory authority. Following what it terms the “narrow majority of jurisdictions”, Florida’s Third District Court of Ap *696 peal upheld an award of attorney’s fees to an attorney appearing on his own behalf in an action seeking damages for securities violations under Chapter 517, Florida Statutes. Quick & Reilly, Inc. v. Perlin, 411 So.2d 978, 980 (Fla. 3d DCA 1982). Federal courts, faced with the same issue, have similarly awarded fees to pro se attorney litigants if allowed by federal statutes, despite the courts’ denial of such fees to non-attorney litigants. See Cuneo v. Rumsfeld, 553 F.2d 1360 (D.C.Cir.1977) (pro se attorney litigant in FOIA suit entitled to fees); Ellis v. Cassidy, 625 F.2d 227 (9th Cir.1980) (pro se attorney defendants entitled to fees under § 1988 as prevailing parties in frivolous and vexatious lawsuit). Indeed, several courts, in denying fee requests from non-attorney pro se litigants, have suggested a different result would be required if the litigant had been an attorney. See Pitts, 679 F.2d at 313; Barrett, 651 F.2d at 1089; Owens-El, 694 F.2d at 943; Clarkson, 678 F.2d at 1371.
As the majority acknowledges, the above distinction between attorney and non-attorney pro se litigants has likewise been recognized by the Fifth Circuit Court of Appeals. Cofield, upon which the trial court relied, while observing that the successful pro se plaintiff was not an attorney, denied the request for fees, finding that the congressional purpose in enacting section 1988 was “to enable and encourage a wronged person to retain a lawyer.” 648 F.2d at 988. In the case at bar, we previously affirmed without opinion the lower court’s order denying attorney’s fees, which was in turn based upon the analysis stated in Cofield. The lower court’s order never reached the merits of the question of Winicki’s entitlement to such fees.
Appellant, on motion for rehearing, has brought to our attention the case of Cazalas v. United States Department of Justice, 709 F.2d 1051 (5th Cir.1983), which is a more recent refinement of the Cofield rule, wherein the court held that an award of attorney’s fees may appropriately be granted to an attorney acting in propria persona. The opinion distinguished between prior decisions in which the question of the propriety of awarding fees to pro se attorney litigants had not been decided, expressly noting that Cofield had “left open the same question under the Civil Rights Attorney’s Fees Awards Act.” 709 F.2d at 1055 n. 8.
Despite the Fifth Circuit’s unambiguous acknowledgment that a distinction should be drawn between attorney and non-attorney pro se litigants when assessing the propriety of attorney’s fee awards, and that court’s specific statement that Cofield did not decide the issue as it relates to the propriety of such awards under section 1988, the majority would now affirm the trial court’s denial of fees by referring to Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979), evidently for the proposition that “[e]ven when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it.” Id. at 1152. The majority itself then proceeds to advance such a theory by addressing the merits of Winicki’s claim and thereupon concludes, on several grounds, that his claim is without merit.
The obvious distinction between Apple-gate and the case at bar is that the trial court in Applegate, before which a non-jury trial was held, reached the merits of the dispute, albeit without benefit of a court reporter’s presence. Because the appellant was unable to bring forward an adequate record to support its contention that reversible error had occurred, there was no recourse for an appellate court to do other than affirm the trial court’s decision. In the case before us, however, there is nothing to suggest that the trial court considered or determined the merits of Win-icki’s claim. In my judgment it is therefore improper at this juncture for the majority to acknowledge that Cofield does not support the trial court’s denial of fees, but then affirm on the merits of the claim, when the merits were never considered by the lower court and therefore could not be considered *697 as an alternative basis for its decision to deny his request for attorney’s fees.[1]
I would therefore grant rehearing and reverse the trial court’s denial of Winicki’s motion for attorney’s fees under section 1988, and remand for the purpose of allowing that court to exercise its discretion on the merits of the issue as to whether Win-icki is entitled to recover a reasonable attorney’s fee.

. The majority relies on federal cases interpreting the Freedom of Information Act (specifically 5 U.S.C. § 552), requiring as a precondition to an award of fees that an attorney perform a service to the public generally. This requirement may not be applicable, however, to actions instituted under section 1988. Coñeld itself questions the persuasiveness of opinions construing the Freedom of Information Act and those involving the civil rights statutes:
For example, it seems to us that actions brought under the Freedom of Information Act are likely to be brought by pro se litigants; damages are generally not involved and the relief sought is simply the release of information. Furthermore, section 552(a)(4)(F) may suggest that an award of attorney’s fees may be in part punitive, “a useful sanction for unfounded resistance to a disclosure request....” Lovell v. Alderete, 630 F.2d at 437 (Thomas A. Clark, Circuit Judge, dissenting). There is no suggestion that an award of section 1988 attorney’s fees should be in any way punitive.
648 F.2d at 988 n. 4.