**George S. McLEAN, Plaintiff–Appellant,**

v.

**INTERNATIONAL HARVESTER COMPANY, et al., Defendants–Appellees.**

No. 89–2865.

United States Court of Appeals,
Fifth Circuit.

June 4, 1990.

George S. McLean, LaJola, Cal., pro se.

James P. Cusick, Kirkland & Ellis, Chicago, Ill., Tom Collins, Sheinfeld, Maley & Kay, Austin, Tex., for defendants-appellees.

Before WISDOM, POLITZ, and JOHNSON, Circuit Judges.

WISDOM, Circuit Judge:

The plaintiff/appellant, McLean, appeals from an order denying three forms of indemnification by the defendant/appellee, International Harvester Co., Inc. (Harvester). Because factual determinations critical to the outcome of this case remain to be made, we REMAND this case to the district court for further proceedings consistent with this opinion.

I

Prior to this litigation, the plaintiff, McLean, was a vice-president of the defendant, Harvester. On October 22, 1982, McLean was one of ten individuals charged in *United States v. Crawford Enterprises, Inc.*, (S.C.Tex.Cr. No. 82–224), with violating the Foreign Corrupt Practices Act (FCPA).[1] On November 17, 1982, McLean was named as a co-conspirator, but was not charged, in a separate information charging Harvester with conspiring to violate and violating the FCPA. *See United States v. International Harvester Co.* (S.D.Tex.Cr. No. H–82–244). Harvester, on November 18, 1982, entered a guilty plea to one count of conspiracy to violate the FCPA. As part of a plea agreement, all of the substantive FCPA violation counts against Harvester were dropped.

McLean moved to have his name expunged from the records of Harvester's guilty plea. McLean states that his purpose in seeking expungement was to avoid the possibility of Harvester's guilty plea and its Offer of Proof with statements inculpating McLean being used in the separate prosecution of the charges against him.[2] In *United States v. International Harvester Company*, 720 F.2d 418 (5th Cir. 1983), this court affirmed the district court's denial of McLean's motion to expunge.

Under the Eckhardt Amendment to the FCPA[3], an employee cannot be convicted of an FCPA violation unless the employer company is also convicted. Therefore, when all of the substantive FCPA charges against Harvester were dropped pursuant to Harvester's plea agreement, all of the substantive FCPA charges against McLean, Harvester's employee, were dismissed. *See, United States v. McLean*, 738 F.2d 655 (5th Cir.1984).

McLean decided to proceed with his plea of not guilty to the one remaining charge against him, the conspiracy charge. McLean alleges that Harvester had given him reason to believe by this point that Harvester was unwilling to fulfill its indemnification obligations by providing an attorney who would zealously represent McLean's interests even when those conflicted with the interests of Harvester. On January 6, 1983, McLean filed a petition requesting that the district court appoint counsel or that the court order Harvester to pay the fees of an attorney selected by McLean. The district court denied McLean's petition. McLean has proceeded since that time with limited assistance of counsel. He retained counsel for trial, but he has represented himself pro se in all other proceedings.[4] McLean was acquitted of the conspiracy charge at trial.

Harvester acknowledges that it is obliged to indemnify McLean for expenses, other than pro se attorney's fees, incurred in defending the criminal charges against McLean. Harvester, however, contends that it is not required to indemnify McLean for: 1) expenses associated with the instant civil suit seeking indemnification by Harvester, 2) expenses associated with McLean's expungement action, and 3) pro se attorney's fees for the time McLean spent conducting his defense. The district court, adopting a magistrate's recommendations, held that Harvester is not obliged to indemnify McLean for expenses in the expungement action nor for pro se attorney's fees. Indemnification for expenses in the instant

---

1. 15 U.S.C. § 78dd–1, 78dd–2, 78ff.

2. McLean's fears in this regard were later realized when the Government did attempt to use the documents involved in Harvester's guilty plea as evidence against McLean.

3. 15 U.S.C. §§ 78dd–2(b)(3), 78ff(c)(3).

4. McLean maintains that he has spent 3,300 hours in conducting his defense.

civil suit was not addressed by the district court. McLean now appeals from the district court order.

## II

■ McLean urges three claims on appeal. First, McLean argues that he is entitled to indemnification by Harvester for expenses incurred in the instant civil action in which McLean is suing Harvester for indemnification of expenses incurred in the underlying criminal action. Because McLean did not raise this claim in the district court, we cannot now consider this claim on appeal. *See, Capps v. Humble Oil Co.,* 536 F.2d 80, 82 (5th Cir.1976); *Wolf v. Frank,* 477 F.2d 467, 475 (5th Cir.1973) (*cert. denied,* 414 U.S. 975, 94 S.Ct. 287, 38 L.Ed.2d 218 (1973)).

■ The second issue on which McLean appeals is his claim for indemnification by Harvester for expenses incurred in McLean's expungement action. Under Delaware's corporate indemnification statute,[5] McLean is entitled to indemnification for expenses incurred in successfully defending a criminal action arising from conduct taken in his corporate position.[6] McLean sought expungement of his name from the documents of Harvester's guilty plea to avoid Harvester's guilty plea and Offer of Proof with its statements inculpating McLean being used as evidence in the criminal prosecution of McLean. He pursued the expungement action, therefore, as part of his effort to defend himself in the related criminal charges that had been brought against him. Although the district court

denied expungement, that expungement action was part and parcel of McLean's successful criminal defense and was, therefore, subject to indemnification. We reverse the decision of the district court and hold that McLean shall be indemnified by Harvester for his out-of-pocket expenses (and interest) incurred in the expungement action.[7] The district court, on remand, should determine the dollar amount of the out-of-pocket expenses and the interest to be indemnified.

■ The third issue on which McLean appeals is his claim for indemnification for pro se attorney's fees. McLean's right to indemnification arises under the Delaware corporate indemnification statute.[8] It is not clear from the language of that statute nor from existing judicial interpretations whether the statute's requirement of indemnification for attorneys' fees includes indemnification for pro se attorneys' fees. Under the law of this circuit, a pro se litigant who is an attorney by profession may receive attorneys' fees in cases in which attorneys' fees are authorized by statute.[9] *See, Cazalas v. United States Dept. of Justice,* 709 F.2d 1051, 1055–57 (5th Cir.1983). When this court articulated that rule in *Cazalas,* the court reasoned that the congressional purpose in affording attorneys' fees in Freedom of Information Act (FOIA) cases was to encourage litigants to obtain professional legal representation and that that purpose would be fulfilled by pro se representation by an attorney.[10] As the *Cazalas* court observed, that rationale would not apply to non-attorney

---

5. 8 Del.C. § 145.

6. The statute states: "To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding [in which that individual was involved by reason of the fact that he or she is or was a director, officer, employee or agent of the corporation], or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith". 8 Del.C. § 145(c).

7. McLean has also requested that he be indemnified for pro se attorneys' fees in connection

with the expungement action. If, as discussed below, the district court, pursuant to findings of fact and of law made on remand, awards any pro se attorneys' fees to McLean, then that award should include pro se attorneys' fees incurred in the expungement action.

8. 8 Del.C. § 145(c).

9. Such cases would include, for example, cases brought under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E).

10. The *Cazalas* court also pointed out that calculation of attorney's fees would be relatively unproblematic in the case of pro se litigants who were attorneys.

pro se litigants. The *Cazalas* decision was consistent with the position of this court, articulated in *Barrett v. Bureau of Customs*, 651 F.2d 1087 (5th Cir.1981), that a pro se litigant (in a case brought under FOIA or under the Privacy Act [11]) who is *not* an attorney may not receive attorneys' fees. The *Barrett* court had reasoned: "[p]ersons contemplating legal action should be encouraged to consult with attorneys". *Id.* at 1089. This court reasoned similarly in *Cofield v. City of Atlanta*, 648 F.2d 986 (5th Cir.1981), a case brought under section 1988 of the Civil Rights Attorney's Fees Awards Act of 1976.[12] In *Cofield*, this court stated that, "the purpose of section 1988 is not to compensate a worthy advocate but to enable and encourage a wronged person to retain a lawyer". *Id.* at 988.

The instant case would appear at first blush to fall under this circuit's general rule not to award statutorily mandated attorneys' fees to pro se litigants. The purpose of the Delaware statute is to encourage capable individuals to serve as corporate officials "secure in the knowledge that expenses incurred by them in upholding their honesty and integrity will be borne by the corporation they serve." *Mooney v. Willys–Overland Motor, Inc.*, 204 F.2d 888 (3d Cir.1953). Indemnification under the Delaware statute is provided to assure corporate officials that they will not be hampered by financial constraints in mounting a full defense against unjustified suits. Like other statutes that provide for attorneys' fees, the Delaware statute is intended to enable and encourage the individual in question to retain a lawyer and, particularly in the case of the Delaware statute, to assure the individual that he or she will be financially enabled to retain a lawyer in the future in the event of litigation. It there-fore appears that the same considerations that have caused this court to refuse attorneys' fees to pro se litigants in other contexts would apply equally in the instant case.

The instant case, however, presents a novel circumstance that may warrant granting pro se attorney's fees. McLean alleges that Harvester gave him reason to believe that an attorney provided by Harvester would not represent McLean loyally and zealously. It is true that there was a potential conflict of interests insofar as Harvester would have stood to benefit by placing the blame on McLean for whatever FCPA violations occurred. If McLean reasonably believed, based on Harvester's conduct, that he could not entrust his defense to the counsel provided by Harvester because Harvester refused to provide adequate and loyal counsel, then McLean was, in effect, forced by the unscrupulous behavior of Harvester to conduct a pro se defense.[13] If such unscrupulous conduct occurred, then, as a matter of equity, McLean should not suffer nor should Harvester benefit as a result of that conduct. In that case, it would be equitable to award McLean indemnification for the time he spent conducting his own defense.[14]

Whether McLean was effectively forced by the conduct of Harvester or the attorneys provided to McLean by Harvester to conduct a pro se defense is a factual determination to be made by the district court on remand. If McLean was in effect forced by Harvester to conduct a pro se defense, then McLean should be awarded pro se attorney's fees notwithstanding the usual Fifth Circuit rule denying attorney's fees to non-attorney pro se litigants. This exception to the usual rule is to be made only if the district court finds that McLean

---

**11.** 5 U.S.C. § 552a(g)(3)(B).

**12.** 42 U.S.C. § 1988.

**13.** McLean alleges that he was unable to pay the extremely high fees that would have been involved in retaining his own counsel for all of the proceedings in this case.

**14.** Judgments rendered by this court must reflect justice and equity. *See, e.g., Stipelcovich v.* *Sand Dollar Marine, Inc.,* 805 F.2d 599, 604 (5th Cir.1986) (stating, "the justice-function of the court demands that [other important goals] must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause.") (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981).

took the pro se role as a result of the unscrupulous behavior of Harvester.

## III

This case is REMANDED for the district court to award to McLean appropriate indemnification by Harvester for expenses incurred in McLean's expungement action and for the district court to award appropriate pro se attorneys' fees if the district court should determine that McLean was forced to conduct his defense pro se because of unscrupulous conduct by Harvester.