United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20703
Summary Calendar

WOLFGANG HIRCZY DE MINO,

Plaintiff-Appellant,

versus

W. ANDREW ACHENBAUM, ET AL.,

Defendants,

W. ANDREW ACHENBAUM; UNIVERSITY OF HOUSTON,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
No. 4:01-CV-4306
- - - - - - - - - -

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Wolfgang Hirczy de Mino appeals the denial of his application

for attorney's fees.  See FED. R. CIV. P. 54(d)(2).  De Mino, who

proceeded *pro se* in the district court, argues that he is entitled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to fees under federal and Texas law.  Alternatively, he avers he is entitled to recover paralegal fees for the legal work he performed on his case.  We affirm.

De Mino claims attorney's fees under 42 U.S.C. § 1988.  "[T]he purpose of section 1988 is not to compensate a worthy advocate but to enable and encourage a wronged person to retain a lawyer." Cofield v. City of Atlanta, 648 F.2d 986, 988 (5th Cir. Unit B June 1981).  As a *pro se* litigant, de Mino is not entitled to recover under § 1988.  See id. at 987-88.

To the extent that de Mino suggests that he should recover attorney's fees because he has a Texas bar card and because the district court treated him as an attorney, his claim fails.  See Kay v. Ehrler, 499 U.S. 432, 437-38 (1991) (stating that an individual attorney cannot recover attorney's fees under § 1988 for representing himself in a civil rights suit).  Because we are bound by the Supreme Court's decision, see Johnson v. Uncle Ben's, Inc., 657 F.2d 750, 753 (5th Cir. Sept. 1981), we  decline de Mino's suggestion that we revisit the statutory construction of § 1988. The district court did not abuse its discretion in denying attorney's fees under § 1988.  See Dean v. Riser, 240 F.3d 505, 507 (5th Cir. 2001).

De Mino also contends he is entitled to recover attorney's fees under chapters 37 and 38 of the Texas Civil Practice and Remedies Code.  He has not plainly shown that the district court abused its discretion in denying his request for attorney's fees

under chapter 37.  See Oake v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985).  Because de Mino was not represented by an attorney in the district court, he has not established an entitlement to attorney's fees under chapter 38.  See TEX. CIV. PRAC. & REM. CODE § 38.002(1).

De Mino's alternative argument that he should be entitled to recover "paralegal fees" for his legal work, while creative, is unpersuasive.  As this court has stated, "[t]he relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label."  Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 560 (5th Cir. 2003) (internal quotation and citation omitted).  De Mino may not overcome the deficiencies in his claim for attorney's fees by pursuing compensation under a different label.    AFFIRMED.