FARMERS BANK OF ALEXANDRIA V. JOHN HOOFF ET AL.

R. being indebted to the Farmers Bank of Alexandria, on certain promis-
sory notes exceeding in amount one thousand dollars, conveyed to H. a
lot of ground in Alexandria, exceeding one thousand dollars in value, de-
vised to her by her husband, to secure the payment of the said notes by
sale of the lot.  R. claimed an estate in fee in the property conveyed to
the trustee.  The sum due to the bank was reduced by payments to less
than one thousand dollars, and R. being deceased, a bill was filed by the
bank to compel the trustee to sell the property conveyed to him by R.
for the payment of the balance of the debt.  The circuit court decreed
that R. held no other interest in the property than a life estate, and dis-
missed the bill.  The complainants appealed.

On a motion to dismiss the appeal for want of jurisdiction, the debt remain-
ing due to the bank being less than one thousand dollars, the amount
required to give jurisdiction in appeals and writs of error from the cir-
cuit court of the district of Columbia; it was held that the real matter in
controversy was the debt claimed in the bill; and though the title of the
lot might be inquired into incidentally, it does not constitute the object
of the suit.  The appeal was dismissed.

ON appeal from the circuit court of the United States of the
district of Columbia for the county of Alexandria.

In the circuit court of the county of Alexandria the appel-
lants filed a bill setting forth that a certain Mary Resler being
indebted to the Farmers Bank of Alexandria, as drawer of cer-
tain promissory notes, amounting to one thousand two hun-
dred and sixty-seven dollars, which notes were renewed and
were afterwards reduced by payments, in order to secure the
payment of the sum remaining due to the bank on the 10th of
September 1823, made and executed a deed to John Hooff,
one of the defendants, by which certain real estate in the city
of Alexandria was conveyed to him in trust to secure the pay-
ment of the amount due on the said notes.  The title of Mary
Resler to the property so conveyed, was derived from the will
of her deceased husband ; and the bill claims that she took a
fee simple in the property, to be defeated by her marrying
again, and she having died without marrying, the property is
liable to her debts

The bill proceeds to state, that James Galt and others, also

appellees, contend that Mary Resler took, under the will of her husband, no more than a life estate in the property so conveyed in trust; and that John Hooff, the trustee, declines making a sale of the property to satisfy the debt due to the appellants.

The bill asks a discovery of the asserted title of the appellees, that the equity of redemption set up by the appellees may be foreclosed, and that the trustee be decreed to sell the premises. The bill also asks for an account from the administrator of Mary Resler.

The answer of John Calt, one of the appellees, denies the title of Mary Resler in the property conveyed by the deed of trust to have been a fee simple in her; and asserts that the fee in the same descended to the respondent and to his brothers, and asserts that Mary Resler took no more in the premises, under the will of her deceased husband, than an estate for life.

The circuit court, being of opinion that Mary Resler took no more than an estate for life under the will of her deceased husband; and conveyed to the appellant, by the deed, no more than such an estate, dismissed the complainant's bill. From this decree the appellants appealed to this court.

Mr Fendall moved to dismiss the appeal; this court having no jurisdiction to entertain an appeal, unless the sum in controversy exceeds one thousand dollars.

It was admitted that the debt due to the bank from Mary Resler, at the time the bill was filed, did not exceed seven hundred dollars; and an affidavit was exhibited to the court to prove the estate held by the trustee exceeded one thousand dollars in value.

Mr Fendall cited Columbian Insurance Company v. Wheelwright, 7 Wheat. 534; Oldgrant, on the demise of Meredith v. M'Kee, 1 Peters, 248; and Ritchie v. Mauro, 2 Peters, 248.

He contended that the only amount in controversy was the sum due to the appellants. It is the beneficial amount; that which will result to a party in the event of the suit, which gives jurisdiction

Mr Lee, contra, argued that the title to the estate conveyed
    VOL. VII.—W

to the trustee was the question in the court, and this court would look alone to the value of the estate.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This is a motion to dismiss an appeal from a decree of the court of the United States for this district, sitting in the county of Alexandria; because the matter in controversy does not amount to one thousand dollars.

The bill was filed for the purpose of obtaining a decree for the sale of a lot, on which a deed of trust had been given to secure the payment of a sum of money amounting with interest to less than one thousand dollars.    The bill was dismissed, and from this decree an appeal was taken.

The appellant alleges, in support of the jurisdiction of the court, that the real question is, whether the debtor be entitled to the lot, and as that is worth more than one thousand dollars, this court may take jurisdiction, though the sum claimed in the bill is less.

The court is of a different opinion.    The real matter in controversy is the debt claimed in the bill; and though the title of the lot may be inquired into incidentally, it does not constitute the object of the suit.

The appeal is dismissed.