GREENE COUNTY v. KORTRECHT.

(Circuit Court of Appeals, Fifth Circuit. May 25, 1897.)

No. 574.

UNITED STATES COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.
In an action on negotiable bonds which have matured, together with the coupons, neither the interest on the bonds after maturity, nor the interest on the coupons after their maturity, constitutes a part of the matter in dispute, in determining the jurisdiction of the circuit court, where the controversy arises between citizens of different states.

In Error to the Circuit Court of the United States for the Northern District of Alabama.

A. G. Smith, James Weatherly, H. C. Tompkins, and Ed. de Graffenreid, for plaintiff in error.

E. H. Cabiness and S. D. Weakley, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

McCORMICK, Circuit Judge. This is an action of debt on negotiable bonds and the coupons thereto attached. The declaration counts separately on two bonds, each for the sum of $500, which matured January 1, 1890. It also counts separately on 17 coupons attached to each bond, each for the sum of $20, making 34 coupons in all declared upon, of the aggregate face value of $680. The recovery sought is for this principal debt and interest on the bonds from their maturity, and on each of the 34 coupons from the date of their respective maturity.

The circuit courts of the United States have jurisdiction concurrent with the courts of the several states, in all suits of a civil nature, at common law or in equity, in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000. Coupons on negotiable bonds represent interest on the bond accruing and made payable at stated times before the maturity of the bond. Each coupon is an independent contract stipulating for the payment of the installment of interest at the time named in each, respectively, and, after its maturity, bears interest, will support an action, and is subject to the statute of limitations, as a separable contract. The interest on the bonds accruing after maturity, and the interest on each coupon accruing after its maturity, has an accessory relation to the principal of the bond and of each coupon, respectively, and by the terms of the statute is excluded from the calculation of the amount declared on, in determining the jurisdiction of the circuit court. Edwards v. Bates Co., 163 U. S. 269, 16 Sup. Ct. 967; Brown v. Webster, 156 U. S. 328, 15 Sup. Ct. 377; Nesbit v. Riverside Independent Dist., 144 U. S. 610, 12 Sup. Ct. 746; Amy v. Dubuque, 98 U. S. 470; Aurora v. West, 7 Wall. 82. From the foregoing statement of the case, and the rule as deduced from the authorities cited, it is plain that the circuit court did not have juris-

81 F.—16

diction of this case. ·The judgment of the circuit court is therefore reversed, and the cause is remanded with directions to dismiss the plaintiff's action without prejudice.