## IRVING TRUST CO. et al. v. SPRUCE APARTMENTS, Inc.

### No. 5857.

District Court, E. D. Pennsylvania.

Oct. 27, 1930.

Arthur Littleton, of Morgan, Lewis & Bockius, of Philadelphia, Pa., Cardozo & Nathan, of New York City, and Francis H. Bohlen, Jr. (of Saul, Ewing, Remick & Saul), of Philadelphia, Pa., for complainants.

Joseph H. Sundheim and Sigmund H. Steinberg, both of Philadelphia, Pa., for Perpetual Building & Loan Ass'n.

Herman Moskowitz, of Philadelphia, Pa., for Morris J. Moskovitz Building & Loan Ass'n.

THOMPSON, District Judge.

Upon petition of Perpetual Building & Loan Association filed October 14, 1930, a rule was granted upon the Irving Trust Company and Charles C. Moore, as trustees, complainants in foreclosure, upon Handel & Haydn Building & Loan Association, defendant in foreclosure, and upon Real Estate Land Title & Trust Company, receiver of Spruce Apartments, Inc., to show cause why an order should not be entered directing the payment to the petitioner of $40,000, stated in the petition to be the value of furniture and other personal property contained in the Spruce Hotel, and to show cause why the said sum of $40,000 derived from the proceeds of the sale and foreclosure should not be retained by the special master or other proper person and not paid out until the rights of the Perpetual Building & Loan Association shall have been finally determined.

An answer to the petition and rule was filed by the Irving Trust Company and Charles C. Moore, as trustees. The facts concerning the foreclosure proceedings, the appointment of receiver, its possession of the furniture and personal property, and the appraisement thereof, are set out in the opinion handed down this day in re the petitions of the Morris J. Moskovitz Building & Loan Association and rules to show cause, and, in so far as those facts are pertinent to the instant petition and rule, they are referred to with the same force and effect as if set out herein.

As appears by the petition and answer, the Spruce Apartments, Inc., on December 14, 1928, in consideration of $75,000, made and delivered to the petitioner a bond and warrant in the penal sum of $150,000 secured by mortgage in the principal sum of $75,000 upon the Spruce Hotel, being the same premises covered by the prior trust mortgage under which the bill of foreclosure was filed and a receiver in aid of foreclosure appointed. Upon default of the mortgagor, the petitioner on April 17, 1930, by its attorney, Joseph H. Sundheim, Esq., caused judgment to be entered, upon the bond and warrant, against Spruce Apartments, Inc., in the court of common pleas No. 1 of Philadelphia county. Damages were assessed at $83,573.88.

On April 22, 1930, the petitioner caused execution to be issued upon its judgment, and on the same day the sheriff of Philadelphia county levied upon all the furniture and other personal property of Spruce Apartments, Inc., located in the Spruce Hotel, consisting of beds, chiffoniers, chairs, tables, lamps, carpets, rugs, towels, bed linen, fire extinguishers, desks, couches, chifforobes, etc., and other personal property not affixed to the real estate. At that time the personal property levied upon was in the possession of the receiver who had been appointed under the decree entered herein on March 19, 1930.

On April 25, 1930, upon petition of the receiver, a rule was entered upon the sheriff of Philadelphia county and the petitioner to

show cause why the levy should not be set aside. Hearing was had upon said rule on April 29, 1930, and on April 30, 1930, a decree was entered restraining the petitioner from proceeding further with its levy.

No copy of the decree appointing the receiver was served upon the petitioner, its counsel, or attorneys, or any of its officers prior to the hearing on April 29, 1930. It now avers that it had no notice of the appointment of the receiver.

The facts as to notice are as follows:

Joseph H. Sundheim, Esq., counsel for the petitioner, was present in chambers before the writer on March 17, 1930, at a meeting of counsel when and where the appointment of a receiver was discussed. It was agreed by Mr. Sundheim and the respective counsel for the trustees under the first mortgage and for the defendant, Spruce Apartments, Inc., that a receivership was immediately necessary, the only question being whether the Real Estate Land Title & Trust Company should alone be appointed or whether a co-receiver, representing the defendant, should also be appointed. On March 19, 1930, Mr. Sundheim was served with a copy of the petition for appointment of a receiver. The decree of appointment was made and entered the same day.

It appears, by indorsement upon the subpœna commanding the Spruce Apartments, Inc., the Handel & Haydn Building & Loan Association, and Perpetual Building & Loan Association to appear and answer the bill of complaint that on March 24, 1930, service of the writ was accepted by Mr. Sundheim's firm, Bernheimer & Sundheim, as attorneys for the Handel & Haydn and the Perpetual Building & Loan Associations, and the clerk was directed to enter their appearance for those defendants. Since that time the petitioner has been represented by Sigmund H. Steinberg, Esq., as counsel.

At the hearings upon the petition and rule upon the sheriff of Philadelphia County and the petitioner to show cause why the petitioner's levy should not be set aside, full opportunity was allowed Mr. Steinberg to prove the value of the furniture upon which the petitioner claimed a lien by virtue of its levy, and he was then informed that, in default of showing other value, the furniture and personal property would be deemed by the court to be of the value shown by the appraisement. No proceedings have been taken on the part of the petitioner to set aside the appraisal or to otherwise prove any other value of the furniture and personal property than that of the appraisement.

The special master appointed by the court to make the sale, and with authority to recommend the payment of costs, fees, and other charges pursuant to the foreclosure proceedings, has filed his report recommending such payment in the sum of $29,767.77. At the hearings before the master prior to sale, the petitioner was represented by Mr. Steinberg, and he made no objection to the claims there presented, nor has he made any objections or taken any exceptions to their allowance out of the purchase money.

The attorney for the petitioner did except to the decree confirming the sale upon three grounds: First, that the personal property consisting of furniture, fixtures, and equipment was not covered by the first mortgage; second, that the price realized from the sale of the personal property is inadequate and far less than its value, for the reason that the special master did not ask for any bids for the personal property separate and apart from the real estate; and, third, that by offering the personal property for sale as an entirety, together with the real estate, the rights of the petitioner were injured and interfered with.

The answer to the petition and rule to show cause sets out the same facts as set out in the separate answer of Charles C. Moore, individual trustee, to the petition of the Morris J. Moskovitz Building & Loan Association, the purport of which appears in the opinion above mentioned, and need not be restated here.

■■ The plea that the petitioner, when it issued execution and attempted to levy upon the furniture and personal property, had no notice of the appointment of a receiver, is without merit. The record not only shows that Mr. Sundheim had notice that foreclosure proceedings were to be instituted, and that application would be made for the appointment of a receiver, but that he was served with a copy of the petition for the appointment of a receiver. It also appears that his firm entered their appearance for the petitioner. It thereupon became a party defendant to the suit. A party thus properly brought into court is charged with notice of all subsequent steps taken in the cause down to and including judgment. 29 Cyc. 1116. That is hornbook law.

■ The petitioner had constructive notice, such as is in the nature of evidence of notice, the presumptions of which are so violent that

they cannot be controverted. It is that notice which the law imputes to a person without regard to whether he has actual notice or not. In other words, when inquiry becomes a duty, the means of knowledge which it affords is regarded as the legal equivalent of actual notice. Hottenstein v. Lerch, 104 Pa. 454; Rowe v. Ream, 105 Pa. 543.

Having had notice, the petitioner's acts in levying upon the furniture and personal property while in the hands of the court's receiver were in contempt of court, and it cannot obtain an advantage over other creditors by seizing the property in the hands of this court's receiver through proceedings in another court.

The petitioner is in no position to claim that the value of the furniture and personal property is in excess of the amount fixed by the appraisers. It had ample opportunity to prove other value, and has not done so. Neither has it put itself in the position of claiming such an amount. The costs, fees, and preferred claims were fixed by the special master without objection on its behalf. There are not sufficient funds available over and above the allowances. It is unnecessary to reiterate the conclusions reached in the Morris J. Moskovitz Building & Loan Association opinion that, as between the mortgagor and mortgagee, the furniture and personal property were held under a valid pledge in favor of the trustees under the first mortgage.

The petitioner's mortgage contains the following reservation to the grant:

"Under and subject, nevertheless, to the lien and payment of a certain mortgage debt or sum of Five Hundred and Twenty-five Thousand Dollars ($525,000.00) reduced to Four Hundred and Seventy-five Thousand Dollars ($475,000.00) with interest thereon."

And the habendum clause of the petitioner's mortgage contains the following reservation:

"Under and subject, nevertheless, as respects premises first above described (being known as 1233-35-37 Spruce Street) to the payment of a certain mortgage debt or sum of $525,000.00 reduced to $475,000.00, with interest thereon."

The petitioner's mortgage, therefore, was in express terms made subject to the lien of the first mortgage, which covered not only the real estate, but also "all buildings, improvements, fixtures and articles used or to be used in the operation of said premises," and also "every other article, chattel or thing used or placed or to be placed in said building whether herein enumerated or not and constituting a part of the plant thereof and/or used in its operation as a hotel building." That language is broad enough to cover the furniture and furnishing as ruled in the Moskovitz opinion.

The case, therefore, comes squarely within the ruling of the Supreme Court of Pennsylvania in the case of Klaus v. Majestic Apartment House Co., 250 Pa. 194, 95 A. 451, 459. The plea that the levy was made under a confession of judgment upon the bond accompanying the mortgage is of no avail. The court, in holding in that case that the pledge was good as against the second mortgage bondholders who took expressly subject to the first mortgage, said:

"The fund for distribution is the proceeds of personal property, which was included in both mortgages, but on which neither was a lien as against execution creditors. The pledges were good and enforceable between the mortgagor and mortgagees. When the second mortgage was taken, the mortgagee had notice that the property had been pledged by a first mortgage, and expressly agreed that the latter should have priority over the second mortgage. The manifest intention of the mortgagor and the mortgagee in the second mortgage, therefore, was that the first mortgage bonds should first be paid out of the real as well as the personal property included in the mortgage, a part of which was personalty, and its proceeds are now being distributed. The second mortgage bondholders knew that the property had already been pledged to secure an indebtedness of the mortgagor, and accepted the property as a pledge for the debt subject to the prior indebtedness. The court cannot confer on those bondholders rights which they expressly waived. In the language of Williams, J., in Fidelity Ins., Trust & Safe Deposit Co. v. West Penn. & Shenango Connecting Railroad Co., 138 Pa. 494, 505, 21 A. 21, 22, 21 Am. St. Rep. 911: 'The decree of the court below left them in no worse position than that which they voluntarily assumed, and they have no right to ask us to place them in a better one.'

"Our conclusion is sustained by numerous authorities, among which are Selden's Appeal, 74 Pa. 323; Fidelity Ins. Trust & Safe Deposit Co. v. West Penn. & Shenango Connecting Railroad Co., 138 Pa. 494, 21 A. 21, 21 Am. St. Rep. 911; 17 Cyc. of Law & Proc. 1168, and cases cited in the notes."

The petition is dismissed and the rule discharged.