United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-10846
Summary Calendar

DARYOUSH DANIAL,

Plaintiff - Appellant,

versus

HOMA D. DANIELS,

Defendant - Appellee.

Appeal from the United States District Court for
the Northern District of Texas, Dallas Division
No. 3:05-CV-90

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Daryoush Danial appeals the district court's order dismissing his complaint. Reviewing the district court's dismissal for lack of jurisdiction <u>de novo</u>, <u>Calhoun County, Tex. v. United States</u>, 132 F.3d 1100, 1103 (5th Cir. 1998), we affirm for the reasons stated by the district court, including the following:

1. The party seeking federal jurisdiction bears the burden of establishing that jurisdiction exists. <u>See</u> <u>St. Paul Reinsurance Co., Ltd. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, the claim of federal jurisdiction rests on diversity jurisdiction

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 28 U.S.C. § 1332. Even assuming the parties are diverse, federal courts only have jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Id. To determine if the amount in controversy requirement is met we look first to the plaintiff's complaint. See St. Paul Mercury Indem. Co. v. Red Cab Co., 58 S.Ct. 586, 590 (1938) ("[I]f from the face of the pleadings, it is apparent, to a legal certainty, . . . that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed."). Danial's complaint alleges that he sent his sister, Homa Daniels, $76,125 in 1980 to hold on Danial's behalf. The complaint goes on to acknowledge that by the time of suit Daniels had repaid $69,625. Thus from the face of the complaint the total and undisputed amount owing is $6,500. This falls far short of the required amount in controversy.[2]

---

[2] The unpaid amount claimed on appeal by Danial is far different – $77,600. This amount is reached by arguing that the conveyance by Danial to Daniels created a constructive or resulting trust under "Texas trust law" and then performing a series of creative calculations of interest. However, the Texas law of trusts, contained in the Texas Property Code, specifically excludes both constructive and resulting trusts. See TEX. PROP. CODE § 111.003 (2005) ("a 'trust' is an express trust only and does not include: (1) a resulting trust; [or] (2) a constructive trust"). Thus the district court correctly recognized that the potential liability of Daniels to Danial is for the return of the outstanding balance of $6,500. Additionally, because Danial's reliance on the creation of a trust under Texas law is misplaced, his arguments relating to the breach of certain trustee duties are also without merit.

2.  Danial's contention that the inclusion of costs helps him to reach the minimum jurisdictional amount is misplaced.  By its very language § 1332(a) clearly excludes costs from the calculation of the amount in controversy.  Thus, the district court was not in error to exclude costs from its calculation.

3.  Danial's calculation of and reliance on interest, although creative, is also without merit.  Interest is only considered for jurisdictional purposes where it is a basis for the suit itself.  Brown v. Webster, 15 S.Ct. 377 (1895); see also Greene County v. Kortrecht, 81 F. 241 (5th Cir. 1897) (holding that interest on a note prior to maturity would be properly considered as a part of the amount in controversy although interest accruing after maturity would not).  The basis of this suit does not involve interest and as such the district court was proper to exclude it from the determination of the amount in controversy.[3]

4.  Danial contends that "punitive damages of $175,000 should be reasonable under the facts of this case."  Although the amount is mentioned in his appellate brief, Danial failed to even request punitive damages in his initial complaint.  It was only in his response to Daniels's motion to dismiss that punitive damages were requested at all.  Because no amount of punitive damages was requested below, the amount of punitive damages requested does not

---

[3] Additionally we note that even were we to include interest in our calculation, the amount in controversy -- $6,500 plus interest -- would still fall far short of the minimum jurisdictional requirement.

3

rise to the level of legal certainty required for inclusion in the jurisdictional calculation. <u>See</u> <u>St. Paul Mercury Indem. Co.</u>, 58 S.Ct. at 590.

4. While Danial claims that inflation helps to cure his amount in controversy shortcomings, there is no evidence that this argument was raised below. Further, there is no evidence of an acceptable measure of inflation that would cause the remaining amount due to rise to the $75,000 required by § 1332.

5. Danial's claim for attorney's fees likewise falls short. Danial's son has not appeared in this action on behalf of his father. Rather, Danial has been <u>pro</u> <u>se</u> in this action. Attorney's fees are not available to a non-attorney <u>pro</u> <u>se</u> litigant. <u>See</u> <u>McLean v. Int'l. Harvester Co.</u>, 902 F.2d 372, 373 (5th Cir. 1990).[4] As Danial has not been represented by counsel nor demonstrated that he is an attorney, attorney's fees are not available to him.

6. Even were this claim not jurisdictionally barred, dismissal would be appropriate as the action is barred by the statute of limitations. The complaint acknowledges that Daniels told Danial in a phone call in 1986 that the money had been lost.[5] Even assuming, as Danial alleges, that equitable tolling was

---

[4] Even if attorney's fees were available to Danial, they would not make up the $68,500 necessary to reach the minimum jurisdictional amount.

[5] Danial's appellate brief asserts that this call took place in August 1990. Under either date the applicable statute of limitations has run.

applicable due to either the fraud of Daniels or Danial's inability to travel to the United States, the statute of limitations ran long before the filing of this suit and thus this action is barred.[6]

For these reasons the district court did not err in dismissing Danial's complaint for lack of jurisdiction, and the order of the district court is thus,

AFFIRMED.

---

[6] The complaint states that Danial discussed filing suit against his sister as early as 1989-1993. Thus any fraud inducing him to believe no claim existed was, by Danial's own admission, ineffective by that date. Further, the travel restrictions between Iran and the United States were lifted in 1999. Further, Danial states that it was possible for him to obtain a visa to enter the United States in August 2001. Assuming that equitable tolling applied until those restrictions were lifted, the two-year statute of limitations ran long before the filing of the complaint on January 14, 2005. See TEX. CIV. PRAC. & REM. CODE § 16.003 (2005).