**TRACFONE WIRELESS, INC., Plaintiff,**

v.

**Patrick LaMARSH, Defendant.**

**Civil Action No. 1:14–cv–265.**

United States District Court, W.D. Pennsylvania.

Signed April 10, 2015.

Aaron S. Weiss, Carlton Fields Jorden Burt, Miami, FL, for Plaintiff.

*ORDER GRANTING TRACFONE'S MOTION FOR FINAL JUDGMENT OF FORECLOSURE AFTER DEFAULT AND FOR THE APPOINTMENT OF SPECIAL MASTER TO CONDUCT FORECLOSURE SALE*

KIM R. GIBSON, District Judge.

This matter is before the Court on the motion [D.E. 6] of Plaintiff TracFone Wireless, Inc. ("TracFone") for an entry of final judgment of foreclosure after default and for the appointment of a special master to conduct the foreclosure sale against Defendant Patrick LaMarsh ("LaMarsh"). Upon review of the motion and supporting record, the motion is granted.

*INTRODUCTION*

TracFone seeks an entry of default final judgment of foreclosure and the appointment of a Special Master to conduct the ensuing foreclosure sale. In support of its motion, TracFone relies on this Court's record, the record of the United States District Court for the Southern District of Florida, and the Declarations of Daniel Reeder [1] (the "Reeder Declaration") and Kevin Wehling [2] (the "Wehling Declaration").

TracFone seeks to foreclose upon a lien asserted against LaMarsh as a result of a judgment entered in TracFone's favor in a

---

1. According to his declaration, Mr. Reeder is employed as an auctioneer at the auctioneering firm Sherman Hostetter Auctioneers.

2. According to his declaration, Mr. Wehling is employed as TracFone's Fraud Investigations Manager.

prior federal action, which arose from La-Marsh's alleged participation in illegal and illicit business practices involving the theft of TracFone's Straight Talk airtime service cards.

This Court finds that the facts in the record are indisputable and that the declarations of Mr. Reeder and Mr. Wehling are both reliable and credible. Accordingly, as set forth below, the Court makes the findings of fact and conclusions of law as set forth below.

### FINDINGS OF FACT

The Court hereby finds that TracFone is entitled to execute upon its judgment from the Florida action. The Court finds that on July 21, 2014, a Final Judgment in the amount of $839,775.00 was entered in favor of TracFone and against LaMarsh by Chief Judge K. Michael Moore of the United States District Court for the Southern District of Florida (the "Judgment"). Upon a review of the Judgment and Southern District of Florida's docket, the Court finds that the Florida action was styled as *TracFone Wireless, Inc. v. Holden Property Services, LLC, et al,* Case No.: 1:14–cv–20959–KMM and that LaMarsh was a defendant in the Florida action along with his company, Holden Property Services, LLC, which is not a defendant in this case.

Further, the Court finds that TracFone has established that, pursuant to 28 U.S.C. § 1963, it registered the Judgment in this District, which action is captioned *TracFone Wireless, Inc. v. Holden Property Services, LLC, et al.,* Case No.: 14–mc–373 (the "Pennsylvania Miscellaneous Action"). [D.E. 1, Exhibit B]. The Court finds that TracFone has established that it filed a judgment lien against LaMarsh in the Prothonotary's Office of Blair County, Pennsylvania on December 1, 2014, prior to bringing this action. [D.E. 6, Exhibit B], Additionally, the Court finds that TracFone has established that it instituted this action in order to execute the Judgment against LaMarsh. *Id.* at ¶ 6. As set forth more fully below, the Court finds that TracFone is entitled to the entry of final judgment of foreclosure on its judgment lien.

Also before the Court on TracFone's motion is the issue of whether to appoint a Special Master to conduct the foreclosure sale. TracFone asserts that it believes that the appointment of a Special Master will help to maximize the proceeds generated from the foreclosure sale. Wehling Declaration at ¶¶ 7–8. The Court has reviewed the qualifications of the proposed Special Master—Daniel Reeder, an auctioneer employed by the auctioneering firm of Sherman Hostetter Auctioneers—and finds that TracFone has established that Mr. Reeder is qualified to serve as Special Master to conduct the foreclosure sale, and that his appointment will expedite the sale more efficiently and help to maximize the proceeds generated.

### CONCLUSIONS OF LAW

### I. Jurisdiction and Venue

This Court has original jurisdiction over TracFone's claims. A federal district court has original jurisdiction over all cases between citizens of different states when the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The citizenship requirements of the statute are satisfied in this case because TracFone and LaMarsh are citizens of different states: LaMarsh is a citizen of the State of Pennsylvania and TracFone is a citizen of the State of Florida, where it maintains its principle place of business, and the State of Delaware, its state of incorporation.

 In addition, the amount in controversy in this matter exceeds the $75,000 threshold. Because this is a foreclosure action, the amount in controversy is determined by the debt claimed. *See Farmer's*

*Bank of Alexandria v. Hooff,* 32 U.S. 168, 170, 7 Pet. 168, 8 L.Ed. 646 (1833) (dismissing appeal for lack of jurisdiction where the amount in controversy, the money owed under the deed of trust, was less than the jurisdictional amount although the value of the property exceeded the jurisdictional amount). Here, the debt claimed is the $839,775.00 judgment lien, which TracFone seeks to foreclose upon. Wehling Declaration at ¶¶ 4–6. Thus, for jurisdictional purposes, the operative amount in controversy in this case is $839,775.00—the amount of the judgment lien TracFone is seeking to enforce. *See Soule v. LMZ, LLC,* 2013 WL 1332848, at *5 (D.Kan. Apr. 2, 2013) ("The amount in controversy is not the value of the defendant's real property that is the subject of a mechanic's lien, but it is the unpaid bills and associated costs and fees allegedly owed by the defendant."); *Sapphire Beach Resort & Marina Condo. Ass'n Revocable Trust v. Martin,* 2008 WL 2074111, at *3 (D.Vi. May 13, 2008) (dismissing a claim for foreclosure of a lien against property because the amount of the lien was less than $75,000, despite the fact that the property was valued at greater than $100,000). Accordingly, TracFone has established that this Court has subject matter jurisdiction over its claims.

Further, this Court may exercise personal jurisdiction over Defendant Patrick LaMarsh. A district court sitting in diversity applies the law of the forum state in determining whether personal jurisdiction is proper. Fed.R.Civ.P. 4(e). LaMarsh is a citizen of the state of Pennsylvania, owns property in Pennsylvania, and permanently resides here. As such, this Court is vested with personal jurisdiction over LaMarsh.

Finally, the Court finds that venue is proper in the Western District of Pennsylvania. This Court is the appropriate venue because this is the judicial district in which LaMarsh resides and where the property to be foreclosed upon in satisfaction of the judgment lien is located. 28 U.S.C. § 1391(b)(1)-(2).

## II. Judgment Against Defendant and in Favor of TracFone is Appropriate

This is an action to foreclose upon a judgment lien entered against Defendant Patrick LaMarsh with respect to property located in the Town of Altoona, Blair County, Pennsylvania. The Court finds that TracFone has established that the property to be foreclosed upon in satisfaction of the judgment lien is located at 1902 Fourth Street, Altoona, Pennsylvania 16601 (the "Property"). The Court further finds that TracFone has established that the Property is not LaMarsh's primary residence. Wehling Declaration at ¶ 6. The legal description of the Property is as follows:

**ALL that certain piece or parcel of ground with the buildings and improvements thereon erected, situate in the City of Altoona, County of Blair and State of Pennsylvania, FRONTING 30 feet on the Northeasterly side of Fourth Street, between Maple and Pine Avenues, and extending back in length or depth, of the same width, 60 feet, and being more fully described as follows:**

**BEGINNING at a point on the Northeasterly side of Fourth Street, said point being 30 feet Northwardly from Maple Avenue, and at line of land now or formerly of Charles W. Snyder; thence at right angles to Fourth Street, Northeastwardly 60 feet to a point; thence Northwestwardly 30 feet to a point; thence Southwestwardly along land formerly of John S. Seeds, 60 feet to the line of Fourth Street;**

thence Southeastwardly along the Northeasterly side of Fourth Street 30 feet to the line of land now or formerly of Charles W. Snyder and the place of BEGINNING. Being part of Lots Nos. 1 and 2, in Block "SS", in the Plan of Lots laid out by the McCartney Heirs in that part of the City of Altoona.

HAVING thereon erected a two-story frame dwelling house and being known as premises 1902 Fourth Street, Altoona, Pennsylvania.

ALSO identified as Tax Map Number 0111–20–112.

The Court finds that TracFone has established that both it and LaMarsh were parties to the Florida action, captioned *TracFone Wireless, LLC v. Holden Property Services, LLC and Patrick LaMarsh,* Case No.: 1:14–cv–20959. [D.E. 1], The Court further finds that Chief Judge K. Michael Moore of the Southern District of Florida entered a final judgment against LaMarsh and ordered him to pay TracFone $839,775.00, and that on September 10, 2014, the final judgment was registered with this Court. [D.E. 1, Exhibit A, B],

The Court further finds that TracFone properly caused a judgment lien to be filed in the Prothonotary's Office of Blair County, Pennsylvania. [D.E. 6, Exhibit B], In addition, the Court finds that TracFone commenced this action on December 12, 2014, when it filed its complaint for foreclosure of judgment lien in this Court, and that due and legal process was served upon LaMarsh on December 18, 2014 via hand delivery by process server. [D.E. 3–1]. Upon review of the docket in this matter, the Court finds that LaMarsh's answer to TracFone's complaint was due to be filed on January 8, 2015. The Court finds that LaMarsh failed to serve any paper or responsive pleading by that dead-line, which prompted TracFone to move for an entry of default against LaMarsh. [D.E. 4], Due to his failure to appear and serve a responsive paper or pleading, the clerk of court entered a default judgment against LaMarsh on January 21, 2015. [D.E. 5]. In light of the foregoing, this Court finds that TracFone has established that no dispute over a genuine issue of material fact exists. Thus, the Court finds that TracFone is entitled to final judgment of foreclosure against LaMarsh.

### III. The Appointment of a Special Master is Appropriate

In its motion, TracFone requested that the Court appoint a Special Master to conduct the foreclosure sale of the real and personal property that is the subject of the final judgment of foreclosure; publish the notice of sale; issue the certificate of sale and certificate of disbursements, and, upon Court approval, a certificate of title; and file a report with the Court setting forth the Special Master's activities with respect to the foreclosure sale (collectively, the "Sale Activities"). The Court finds that the appointment of a Special Master is appropriate in this matter.

 Whether to appoint a Special Master, and the scope and extent of the Master's duties, rests with the sound discretion of the Court. *See, e.g., Irving Trust Co v. Spruce Apartments,* 44 F.2d 218, 219 (E.D.Pa.1930) ("[A] decree of foreclosure was entered and a special master appointed with authority and direction to sell the property, both real and personal, at public sale in one lot and as an entirety."). Specifically, a court may appoint a Special Master to address pretrial and post-trial matters that cannot be effectively and timely addressed by an available District Judge or Magistrate Judge. Fed. R.Civ.P. 53(a)(1)(C). The Court finds that

the appointment of a Special Master is appropriate in this case.

The Court further finds that Daniel Reeder is qualified to serve as the Special Master for the purpose of conducting the Sale Activities. As an initial matter, the Court finds that there appears to be no basis for the disqualification of Mr. Reeder, and "[a]bsent a basis for disqualification, federal courts routinely appoint special masters to conduct foreclosure sales." *Stearns Bank Nat'l Assoc. v. Marrick Props., LLC,* 2012 WL 1155657, at *3 (M.D.Fla. April 5, 2012). *See also, CharterBank v. TW Hospitality LLC,* 2012 WL 3821951, at *3 (N.D.Fla. July 31, 2012); *Deutsche Bank National Trust Co. v. Newman,* 2007 WL 4039286, at *2 (S.D.Ohio Nov. 14, 2007); *Wells Fargo Bank, N.A. v. Ankeney,* 2007 WL 2873508, at *2 (S.D.Ohio 2007); *Deutsche Bank National Trust Co. v. Schaefer,* 2007 WL 2873547, at *2 (S.D.Ohio Sept. 27, 2007); *Guar. Trust Co. of New York v. Williamsport Wire Rope Co.,* 20 F.Supp. 634, 636 (M.D.Pa.1937).

The Court finds that TracFone has established that Mr. Reeder is an auctioneer with the auctioneering firm, Sherman Hostetter Auctioneers, located at 903 Constitution Blvd., Beaver Falls, Pennsylvania 15010. Reeder Declaration at ¶ 3. The Court further finds that TracFone has established that Mr. Reeder has extensive experience in the auctioneering industry and has not otherwise been involved in this case. *Id.* at ¶¶ 3–5, 9. Moreover, the Court finds that TracFone has established that Mr. Reeder's appointment as Special Master may help to generate additional interest in the foreclosure sale and thereby facilitate TracFone in obtaining the maximum value for the sale of the property. *Id.* at ¶ 8. The Court finds that no grounds exist for Mr. Reeder's disqualification, and, as such, the Court shall appoint him to serve as Special Master in order to conduct the Sale Activities. *See* 28 U.S.C. § 455.

### RELIEF

Accordingly, for the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that TracFone's Motion for Entry of Final Judgment of Foreclosure After Default and for the Appointment of Special Master to Conduct Foreclosure Sale is **GRANTED.** The Court hereby **ORDERS** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2. The Court finds that TracFone is entitled to enforce its judgment lien in the amount of $839,775.00 against LaMarsh.

3. The Court further finds that Defendant Patrick LaMarsh has failed to file a responsive paper or pleading by the deadline required by law and is thus in default.

4. Final judgment is hereby entered against Defendant Patrick LaMarsh on the claims set forth in TracFone's Complaint. Accordingly, the Court Orders as follows:

 a. The property described above shall be sold at foreclosure sale and all proceeds generated from the sale shall be used in satisfaction of TracFone's judgment lien;

 b. If the total amount of the proceeds generated from the sale do not satisfy the amount of TracFone's judgment lien, the amount of the lien shall be decreased by an amount equal to the proceeds generated by the sale, and the remainder shall bear interest at the legal rate;

 c. If no third-party bidders participate at the auction, or the property fails to sell for any other reason, title and ownership of the property shall remain with LaMarsh and the amount of TracFone's judgment lien shall remain unchanged.

5. The Court finds that the appointment of a Special Master is appropriate in this case and hereby appoints Daniel Reeder of the auctioneering firm, Sherman Hostetter Auctioneers to serve as Special Master.

6. Mr. Reeder shall conduct the foreclosure sale, including all Sale Activities ancillary thereto, at his discretion, on the soonest practicable date after the entry of this Order.

7. The last known address of Defendant Patrick LaMarsh, is 714 Chapel Drive, Unit 70, Altoona, Pennsylvania 16602.

8. The address of Plaintiff TracFone Wireless, Inc. is 9700 N.W. 112th Avenue, Miami, Florida 33178.

9. The clerk of Court is directed to close this case.