**CHRISTIANA TRUST, A Division of Christiana Trust Savings Fund Society, FSB, not in its individual Capacity, but as Trustee of the ARLP Trust 5, Plaintiff,**

v.

**Hazel W HENDERSON, et al, Defendants.**

**CIVIL ACTION NO. 3:15-CV-212**

United States District Court, S.D. Texas, Galveston Division.

Signed January 20, 2016

Dustin C. George, Mark Douglas Cronenwett, Mackie Wolf Zientz & Mann, P.C., Dallas, TX, for Plaintiff.

Thomas W. McQuage, Attorney At Law, Galveston, TX, for Defendants.

## ORDER DENYING MOTION TO DISMISS

GEORGE C. HANKS, JR., UNITED STATES DISTRICT JUDGE

Pending before the Court is Defendants' Motion to Dismiss for Want of Jurisdiction ("Motion to Dismiss"). (Dkt. 5). After careful consideration of the pleadings, the Motion to Dismiss, the response, the record, and applicable law, the Court **DENIES** the Defendants' Motion to Dismiss.

## FACTUAL BACKGROUND

On August 11, 2015 Plaintiff Christiana Trust ("Christiana Trust") filed its Original Complaint ("Complaint") seeking a final judgment allowing it to proceed with foreclosure. Defendants Hazel W. Henderson and Leon Henderson ("the Hendersons") executed a loan agreement secured by 5322 Avenue S. Galveston, Texas 77551 ("Property"). (Dkt. 1). In the Complaint, Christiana Trust states that the debt owed by the Hendersons was at least $59,565.19 and that, due to the contested nature of this dispute and Christiana Trust's opposition to the Hendersons' prior attempts to enforce its interest through foreclosure, attorney's fees will be in excess of $20,000.00 through trial. (*Id.* at ¶ 4.) As such, Christiana Trust submits that the Court has diversity jurisdiction over this dispute under 28 U.S.C. § 1332.

The Hendersons argue that (1) accrued interest should not be included as part of the amount in controversy and (2) future attorney's fees should not be included in the amount in controversy. Based on these arguments the Hendersons claim that the amount in controversy has not been met, precluding this Court's jurisdiction. However, Christiana Trust argues that under applicable Supreme Court and Fifth Circuit precedent, the amount in controversy includes both the total debt owed on a mortgage loan and estimated attorney's fees through trial. The Court agrees.

## The Lack of Subject Matter Jurisdiction

█ Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 915 (5th Cir.2001). Under Rule 12(b)(1), a plaintiff's claim must be dismissed when the court lacks jurisdiction over the subject matter of that claim. There are two possible sources of federal jurisdiction for a district court: federal question jurisdiction, for cases arising under the Constitution or federal law, and cases involving diversity of citizenship. 28 U.S.C. §§ 1331, 1332. A district court may dismiss a case for want of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996). The burden to establish jurisdiction is on the party asserting jurisdiction. *Howery*, 243 F.3d at 915.

█ Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332(a). In federal cases brought under the Court's diversity jurisdiction, the sufficiency of the amount in controversy is based on the allegations in the Complaint. *Tupperware Home Parties v. Stewart*, 40 F.3d 384, *2 (5th Cir. 1994).

## ANALYSIS

### A. The total debt, including accrued interest, is included in the amount in controversy

█ When a Plaintiff is seeking foreclosure pursuant to a lien securing the

repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers' Bank of Alexandria v. Hooff*, 32 U.S. 168, 170, 7 Pet. 168, 8 L.Ed. 646 (1833). Christiana Trust pleads that the total debt—$59,565.19 including accrued interest—is part of the amount in controversy. (Dkt. 1 at ¶ 4). To the contrary, the Hendersons argue that the accrued interest should not be included. The applicable removal statute, 28 U.S.C. § 1332, provides that the amount in controversy "must exceed $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). The purpose of the exclusion of interest from the amount in controversy is "to prevent the plaintiff from delaying suit until the claim, with accrued interest, exceeds the statutory minimum." *Muddu Oils Refinery Ltd. v. Dykes*, No. 4:06–CV–825–BE, 2007 WL 894568, at *2 (N.D.Tex. Mar. 26, 2007). This express exclusion of interest, however, is subject to exceptions. Interest is included in the amount in controversy when the interest is accrued pursuant to a contract and prior to maturity. *Danial v. Daniels*, 162 Fed.Appx. 288, 290 (5th Cir.Tex.2006)(citing *Greene County v. Kortrecht*, 81 F. 241 (5th Cir.1897) for the proposition that "interest on a note prior to maturity would be properly considered as a part of the amount in controversy although interest accruing after maturity would not.")

■ Christiana Trust alleges that the Hendersons took out a loan providing for contractual interest and attached a copy of the executed note to the Complaint. (Dkt. 1 at Exhibit A.) The note has a stated maturity date of August 27, 2018. (*Id.* at p.1, proving that the final payment will be due on August 27, 2018.) As such, interest accruing up until that date is contractual interest and is not merely an accessory. *Omega Consulting v. Raymond Int'l Co.*, No. CIV.A. H–09–0976, 2010 WL 3025493, at *9–10 (S.D.Tex. July 29, 2010) (distinguishing between interest that is contractual and interest that is a mere accessory). As contractual interest, the accrued interest under the terms of the parties' note is included in the amount in controversy. *Danial*, 162 Fed.Appx. at 290.

Under established Fifth Circuit Precedent, Christiana Trust argues that the entire debt owed by the Hendersons on the note—$59,565.19 including interest accrued prior to the August 2018 maturity date—is included in the amount in controversy.

The Court agrees with Christiana Trust on all of these points. Accordingly, the total debt, including accrued interest, is included in the amount in controversy.

### B. Attorney's fees are also included in the amount in controversy

■ In the Complaint, Christiana Trust states that, in addition to the total debt owed by the Hendersons, the estimated attorney's fees in enforcing the loan agreement through this lawsuit are also included in the amount in controversy. (Dkt.1 at ¶ 4). The Hendersons concede that the Fifth Circuit has held that attorney's fees incurred in prosecuting a suit are included in the amount in controversy. (Dkt. 5 at p. 6). However, the Hendersons argue that attorney's fees should not be included in the amount in controversy citing non-binding cases from other circuits. (*Id.* at pp. 6-7).

Attorney's fees are included in the amount in controversy when fees are allowed under a contract or statute. *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Here, the Homestead Lien Contract between the parties attached to the Complaint as Exhibit B provides that attorney's fees may be recovered from the

Hendersons in this suit.[1] Furthermore, estimated attorney's fees through trial are included. *Watson v. Provident Life & Acc. Ins. Co.*, No. CIV.A. 3:08–CV–2065, 2009 WL 1437823, at *6 (N.D.Tex. May 22, 2009) (noting that other courts in this District have held estimated attorney's fees through trial are included in the amount of controversy; holding the same; and citing *HWJ, Inc. v. Burlington Insurance Company*, 926 F.Supp. 593, 594 (E.D.Tex.1996) and *In re Norplant Contraceptive Products Liability Litigation*, 918 F.Supp. 178, 180 (E.D.Tex.1996)).

Additionally, the Court finds that Christiana Trust's estimate of $20,000.00 in attorney's fees through trial are reasonable. The attorney of record submitted an affidavit explaining that if the matter is to be litigated through trial, would more than likely than not exceed $20,000.00. To date Christiana Trust has incurred $2,441.00 in attorney's fees in prosecuting this suit, including 5.2 hours of attorney's fees at $190.00 per hour in reviewing, researching and responding to the Motion to Dismiss. (*See* Dkt. 13, Exhibit A, A-1).

## CONCLUSION

After careful consideration of the pleadings, the Motion to Dismiss, the response, the record, and applicable law, the Court **DENIES** the Defendants' Motion to Dismiss (Dkt. 5).

**IT IS SO ORDERED.**

---

1. *See* Dkt. 1 at Exhibit B, p.4, providing that:"[i]f Lender institutes any suit or action to enforce any of the terms of the Homestead Lien Contract, Lender shall be entitled to recover such sum as the court may adjudge reasonable as Lender's attorneys' fees as trial and upon any appeal."