# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-10025

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2023

Lyle W. Cayce
Clerk

Juanita Burch,

*Plaintiff—Appellant*,

*versus*

Freedom Mortgage Corporation,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-3086

———————————————————————

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Juanita Burch, proceeding *pro se*,[1] challenges the district court's rulings denying her motion to remand and motion to compel, and granting Defendant-Appellee Freedom Mortgage Corporation's motion seeking dismissal of her claims with prejudice. As noted in other opinions from this court, the history of this and the numerous related cases involving

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Latin term "*pro se*" means "for oneself, on one's own behalf." Thus, a party proceeds *pro se* when he or she is not represented by an attorney.

No. 22-10025

bankruptcy proceedings and properties owned by Burch and/or her husband, William Burch, is both extensive and convoluted. Indeed, the Bankruptcy Court for the Northern District of Texas has designated both Burch and her husband as "vexatious litigants" and prohibited them from filing various documents related to the properties involved in the 2008 bankruptcy case or the 2012 bankruptcy case without securing prior authorization from that court. *See* Order Designating William Burch as a Vexatious Litigant, *In re Burch*, No. 12-46959-mxm7 (Bankr. N.D. Tex. July 10, 2020), ECF No. 824; Order Designating Juanita Burch as a Vexatious Litigant, *In re Burch*, No. 12-46959-mxm7 (Bankr. N.D. Tex. Feb. 2, 2021), ECF No. 966. And this court has imposed sanctions against Burch's husband on a number of occasions. *See William Burch v. Select Portfolio Servicing, Inc. (Matter of Burch)*, No. 20-11171, 2022 WL 212836, at *1 (5th Cir. Jan. 24, 2022) (unpub.) ($250); *William Burch v. America's Servicing Co. (Matter of Burch),* No. 20-11074, 2021 WL 5286563, at *1 (5th Cir. Nov. 12, 2021) (unpub.) ($100); *William Burch v. America's Servicing Co. (Matter of Burch),* No. 20-11132, 2022 WL 1402044, at *1 (5th Cir. May 4, 2022) ($500); *William Burch v. Aurzada (Matter of Burch),* No. 20-10709, 2022 WL 1421166, at *1 (5th Cir. May 5, 2022)($500).

We have carefully reviewed the parties' submissions, the record in this and related cases, and applicable law. Burch's arguments, even construed liberally given her *pro se* status, identify no reversible error in the district court's rulings.

As the district court concluded, the requirement that the amount in controversy exceed $75,000, exclusive of interest and costs, for diversity of citizenship subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, is

satisfied.[2] Notably, contrary to Burch's assertions, her claims are not premised on or directed to an amount less than $75,000. Rather, Burch sought (1) injunctive relief to prevent the foreclosure sale of the property located at 1713 Enchanted Lane, Lancaster, Texas; (2) removal of Freedom Mortgage's lien and all charges against the property,[3] (3) an order directing Freedom Mortgage to endorse an insurance check in the amount of $3,682.77,[4] and (4) an award of various compensatory and punitive damages.[5] Because Burch's request for injunctive relief seeks to preclude a foreclosure sale of the Enchanted Lane property, the amount in controversy is measured by the value of the object of the litigation, *i.e.*, the value of the Enchanted Lane property. *See Hunt v. Wash. State Apple Advert. Comm'n,* 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338, 341 (5th Cir. 2013) (per curiam) (where the object of requested injunctive and declaratory relief was to stop the foreclosure sale of property, the property's value represented the jurisdictional amount in controversy). Thus, the district court did not err in relying on the Dallas County Appraisal District's $148,930 valuation of the property.[6]

Additionally, relative to Burch's request for removal of Freedom Mortgage's lien and all charges against the property, the notice of default and

---

[2] *See* Record on Appeal ("R.") at 904–907, 1705.

[3] R. at 41–42.

[4] R. at 42, 73, and 116.

[5] R. at 41–42. Burch's requested compensatory damages include sums necessary to complete necessary repairs to the property and lost income. R. at 33–34, 37 and 42.

[6] R. at 905–06, 1705; R. at 16, 153–59.

No. 22-10025

foreclosure documents referenced in Burch's October 9, 2020 state-court filings report a total past due amount that, as of August 3, 2020, was $93,540.86.[7] And, by certified mail dated September 9, 2020, Freedom Mortgage informed Burch that the maturity date of the note "is accelerated, and all unpaid principal, interest, fees, charges, and other recoverable amounts are now due."[8]

Burch's challenges to the district court's determinations that her claims are barred by collateral estoppel principles and Texas' four-year

_____

[7] R. at 115–21, 377–78, and 1831–32.

[8] R. 118–19. Although Burch argues certain amounts should be subtracted (from the $93,540.86 total) as the "interest and costs" excluded by 28 U.S.C. § 1332, that argument fails given that Burch, as the plaintiff in this matter, *not* Freedom Mortgage, is the party seeking judicial relief relative to these amounts. In any event, certain sums otherwise properly denominated as "interest" nevertheless fall outside of § 1332's "interest" exclusion. *See Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.,* 53 F.4th 361, 366 (5th Cir. 2022) (purpose of § 1332(a)'s exclusion of interest is to prevent the plaintiff from delaying suit until the substantive claim, with accrued interest, exceeds the jurisdictional amount); *id.* at 365–68 (interest that is part of the principal claim is included in the jurisdictional amount but interest that arises solely by virtue of a delay in payment is not); *see also Brown v. Webster*, 156 U.S. 328, 329–30 (1895) (interest that is a basis for the suit itself is considered for jurisdictional purposes); *Danial v. Daniels*, 162 F. App'x 288, 290–91 (5th Cir. 2006) (per curiam) (unpub.) (interest on a note accruing prior to maturity is part of amount in controversy; interest accruing after maturity is not) (citing *Greene Cnty. v. Kortrecht*, 81 F. 241 (5th Cir. 1897)); *Christiana Tr. v. Henderson*, 181 F. Supp. 3d 375, 378 (S.D. Tex. 2016) (interest accruing on a note prior to maturity (due date of final payment) is contractual interest, not an accessory, and is included in amount in controversy); 14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3712 (4th ed.) (Westlaw, database updated Aug. 19, 2022). Expenses are exempted from § 1332(a)'s exclusion of "costs" when, pursuant to applicable substantive law, they are an element of the plaintiff's damage claim; the same is true of attorney's fees awarded as a matter of contractual or statutory right. Wright & Miller, *supra*, § 3712. The November 17, 2005 note for the loan secured by the 1713 Enchanted Lane property entitles the note holder (to the extent not prohibited by law) to payment of all of its costs and expenses, including reasonable attorney's fees, incurred in the enforcement of the note. R. at 45.

No. 22-10025

limitations provision likewise fail.[9] Although the prior judicial determinations of the validity of Freedom Mortgage's note and lien occurred in the course of litigation involving Burch's husband, nothing in the instant record suggests that the district court erred in finding privity between the spouses for collateral estoppel purposes. The same is true for collateral estoppel's other requirements. Finally, as the district court concluded, Burch has been aware of the basis of her challenge to the validity of Freedom Mortgage's note and lien since 2011.[10] And any arguments that the relevant limitations period was tolled during the time that her husband was litigating the validity of Freedom Mortgage's lien demonstrate why collateral estoppel principles apply here.

Burch's briefs also mention her request that Freedom Mortgage be directed to endorse an insurance check in the amount of $3,682.77. The district court denied the motion that she filed regarding this check because Burch had not obtained the approval of the bankruptcy court to file the motion, as required by the bankruptcy court's February 2, 2021 "vexatious litigant" order.[11] Despite mentioning the check, Burch's briefs do not adequately explain why the district court's ruling was legally incorrect. Accordingly, any assertion of error relative to the insurance check in the amount of $3,682.77 has been forfeited.

Given the absence of reversible error, we AFFIRM the district court's December 6, 2021 final judgment dismissing Burch's claims with prejudice and expunging the *lis pendens* that Burch had recorded relative to the Enchanted Lane property.

-------------------

[9] R. 907–14, 1705; R. 325–37.

[10] R. 70–71, 77–81.

[11] R.1797-99, 2012.

No. 22-10025

As a final matter, our review of the court's docket reveals that, following the completion of briefing in this appeal, another panel of this court affirmed a district court judgment dismissing, on grounds of preclusion, all of Burch's claims against Rushmore Loan Management Services, L.L.C. *See Juanita Burch v. Rushmore Loan Mgmt. Servs., L.L.C. (Matter of Burch)*, No. 22-10349, 2022 WL 14365474, at *1 (5th Cir. Oct. 25, 2022).[12] In light of the instant ruling and the October 25, 2022 ruling, Plaintiff-Appellant Juanita Burch is warned that frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of sanctions.

AFFIRMED; SANCTION WARNING ISSUED.

---

[12] Lamentably, neither party supplemented their prior submissions with this decision. *See* FED. R. APP. P. 28(j).